determine the matter he is charged with, and so cannot prepare for trial for want of knowledge or information as to what questions of fact will be litigated. *Orvis* v. *Dana*, 1 Abb. N. C. 285, 286. In an action for slander of one's good name, and like cases, the plaintiff should furnish particulars, specifying the dates when, the places where, and in presence of what individuals, the alleged defamatory language was uttered. The exact time of the speaking is not very material. *Shaffer* v. *Holm*, 3 Civ. Proc. R. 85; *Stiebeling* v. *Lockhaus*, 21 Hun, 457, 459. When verified, the bill of particulars served, if the place of the alleged event be included, will be allowed as sufficient. Ordered accordingly    No costs.

---

## SOLOMON v. MILLER.

*(Common Pleas of New York City and County, General Term. January 7, 1889.)*

APPEAL—REVIEW—SUFFICIENCY OF EVIDENCE.

In an action for injuries caused by the bite of a horse, plaintiff and another witness testified that after the injury defendant stated to them: "I know that horse bites. I have told them not to take him out without a muzzle." This was denied by defendant and another witness, and there was evidence that the horse had never been known to bite, even when teased, and that no muzzle had ever been used on him. *Held*, that a judgment for plaintiff, on the ground that the horse was accustomed to bite, and that defendant knew it, could not be sustained.

Appeal from district court.

Action by Louis Solomon against Leopold Miller and another for damages for being bitten by a horse belonging to defendant Miller. Judgment for plaintiff, and defendant appeals.

Argued before VAN HOESEN, P. J., and BOOKSTOVER, J.

*G. W. Galinger*, for appellant.    *H. Joseph*, for respondent.

PER CURIAM. To prove that the horse was accustomed to bite mankind, the plaintiff and another witness swore that Miller, the defendant, said to them: "I know that horse bites. I have told them not to take him out without a muzzle." That testimony, if true, would show that the horse was accustomed to bite, and that the defendant well knew the facts; but we do not believe that it is true. It is most improbable that such an admission should have been made when the defendant knew that a claim for damages on account of the horse's biting was preferred against him. That the admission was made is denied by the defendant, and by Shafer; and furthermore, there is positive and satisfactory evidence that the horse had never been known to bite, and that no muzzle had ever been used upon him. It was also proved that when the horse was feeding he would not bite, even when teased. Judgment reversed.

---

## *In re* MATTHEWSON'S ESTATE.

*(Surrogate's Court, New York County. November 21, 1888.)*

COSTS—IN SURROGATE'S COURT—PER DIEM ALLOWANCE—SALE OF LAND.

Code Civil Proc. N. Y. § 2793, subd. 4, provides that out of the moneys arising on a mortgage, etc., must be paid the costs of the special proceeding awarded to petitioner. Section 2561 provides that in a case other than where a question of fact has been tried by a jury the surrogate may make an additional allowance as costs, where a trial on the merits occupies more than two days, of $10 for each additional day. Section 2563 provides that the executor, administrator, or freeholder disposing of the property of a decedent shall be allowed $5 for each day so occupied. Section 2765 provides that a decree for the sale, etc., of land must direct it to be made by the executor or administrator, or, in case of his failure, by a freeholder. *Held*, that a creditor petitioning for the sale of a decedent's land is not entitled to a *per diem* allowance where there is no contest.

Application by David King, committee of the estate of William H. King, an insane creditor of John Matthewson, deceased, for a sale of the land of

decedent to pay his debt. Code Civil Proc. § 2560, provides that "where a question of fact has been tried by a jury, the costs awarded against the unsuccessful party are the same as the taxable costs of an action in the supreme court."

*Olin, Rives & Montgomery,* for petitioner.

RANSOM, S. In this matter I am of opinion that the petitioning creditor is not entitled to a *per diem* allowance. Subdivision 4, § 2793, Code Civil Proc., provides that out of the remainder of the moneys arising upon a mortgage, lease, or sale, must be paid the costs of the special proceeding awarded to the petitioner in the decree. It is clear that the intention and effect of this subdivision is to give costs to the petitioner in the proceeding, whoever he may be, whether executor, administrator, or creditor. By section 2561, the surrogate, in his discretion, in a case other than one of those specified in section 2560, may, upon rendering a decree, fix such a sum, to be allowed as costs, in addition to the disbursements, as he deems reasonable, not exceeding, where there has not been a contest, $25, or where there has been a contest, $75, and in addition thereto, where a trial or hearing upon the merits before the surrogate necessarily occupies more than two days, $10 for each additional day. Section 2563 provides that the executor, administrator, or freeholder disposing of the property must be allowed  *  *  *  not exceeding $5 for each day actually and necessarily occupied by him in disposing of the property, and such a further sum, etc., for the necessary services of his attorney and counsel therein, as the surrogate thinks reasonable. It will be seen that there is no provision in the last-mentioned section for an allowance to any one, not even to those named therein, except for actual services rendered in disposing of the property; whereas, subdivision 4, § 2793, expressly contemplates the payment of the costs of the special proceeding. If there can be any doubts as to who is meant by section 2563, whether it only includes an executor, administrator, and freeholder, or might, under some circumstances, be held to also include the petitioner in the special proceeding in which the sale of decedent's real property is made, such doubt will be dispelled by reading section 2765, which provides that "a decree directing that real property be mortgaged, leased, or sold," etc., "must direct that a mortgage, lease, or sale  *  *  *  be made by the executor or administrator,  *  *  *  or, in case of his failure so to do, by a freeholder," etc. It is evident, on reading sections 2563 and 2565 together, that the one directs by whom the sale shall be made, and the other prescribes the amount to be allowed him for making such sale, which can only be made by the executor, administrator, or freeholder, and in no case by the petitioner. The petitioning creditor is therefore governed by section 2561 for the amount of his costs. There being no contest in this proceeding, he is allowed $25. The disbursements claimed are not all taxable. The item of $1 for affidavits and postage is allowed. The freeholder is allowed $75 for his services, and $29.68, his disbursements.

---

### *In re* HOPKINS' WILL.

(*Surrogate's Court, Westchester County.* November, 1888.)

1. WILLS—PROBATE AND CONTEST—DISQUALIFICATION OF SURROGATE—LEGATEE.
   Under Code Civil Proc. N. Y. § 2496, which provides that a surrogate shall not sit on an application for probate when he claims to be heir or next of kin or a devisee or legatee of the testator, or where he is named as trustee in the will, a surrogate who is one of the church-wardens of a church, to whose rector, wardens, and vestrymen a bequest is made for the purpose of erecting a memorial window or pulpit, is not disqualified.

2. SAME—RELATION TO PARTY.
   Nor is the surrogate disqualified by section 46, which provides that no judge shall sit in any proceeding where he is related to any party thereto, by consanguinity or affinity, within the sixth degree, where his wife is a legatee under the will offered for probate, but not a party to the proceeding.